United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 17-10350-NMG |
| Yeffry Reynoso, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the emergency motion of defendant Yeffry Reynoso ("defendant" or "Reynoso") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## I. Background

In January, 2019, Reynoso pled guilty to: one count of conspiracy to possess with intent to distribute and to distribute 100 grams or more of heroin and 40 grams or more of fentanyl in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(i) and 841(b)(1)(B)(vi); one count of possession with intent to distribute and distribution of heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1); two counts of possession with intent to distribute and distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1); and three counts of distribution of fentanyl

-1-

in violation of 21 U.S.C. § 841(a)(1).  In June, 2019, this Court sentenced him to 150 months (12.5 years) in prison and four years of supervised release.  Reynoso is currently incarcerated at the Devens Federal Medical Center in Ayer, Massachusetts ("FMC Devens") and his projected release date is July 11, 2028.

Reynoso moves to modify his sentence to time served or to replace the remainder of his time with home confinement.  He contends that he suffers from several medical conditions that make him especially vulnerable to contracting a severe case of COVID-19.  He also submits that the rapid spread of COVID-19 at FMC Devens and the balance of factors laid out in 18 U.S.C. § 3553(a) weigh in favor of his release.  The government disagrees and urges this Court to deny defendant's motion.

This is Reynoso's second motion for compassionate release. His first such motion was denied by this Court in May, 2020.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a

reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should only grant a motion for release if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Reynoso is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has not demonstrated that there are "extraordinary and compelling reasons" that would justify a reduction in his sentence. Despite claiming that several medical conditions together justify his release, Reynoso suffers from only one condition that definitively places him at an increased risk of severe illness from COVID-19: obesity. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 10, 2021) (listing obesity as a condition causing increased risk but not sleep apnea or hypertension).

Even considering his obesity alongside his other medical conditions, defendant is only 29 years old and has not shown that those conditions substantially diminish his ability to care for himself. Courts in this Circuit have routinely denied similar requests for compassionate release. See, e.g., United States v. Russell, No. 1:12-cr-00160, 2021 U.S. Dist. LEXIS 39871, at *44 (D. Me. Mar. 3, 2021) (concluding that a "borderline obese" defendant with "well-controlled underlying hypertension" failed to establish extraordinary and compelling reasons for his release); United States v. Rivera-Valle, No. 19-10476, 2021 U.S. Dist. LEXIS 5562, at *2-3 (D. Mass. Jan. 12, 2021) (noting that "obesity and hypertension[] are neither uncommonly grave nor life-threatening" and concluding that defendant "does not meet any of the mandated eligibility criteria" for compassionate release); United States v. Hardy, 470 F. Supp. 3d 61, 63 (D. Mass. 2020) (denying compassionate release for defendant suffering from hypertension, sleep apnea, diabetes and asthma).

Reynoso insists that the conditions at FMC Devens are troubling but there is no indication that facility currently poses an unacceptable threat to prisoner safety. Furthermore, the sincerity of his concern for his health is dubious given that he rejected the opportunity to receive the COVID-19 vaccine

in February, 2021. Even taking into account the potential for outbreaks in prison settings, it is doubtful that the risk of infection from COVID-19 is any greater at FMC Devens, where Reynoso was offered and refused the vaccine, than among the general public, where he would likely be ineligible for a vaccine under current state guidelines.

Finally, a modification to defendant's sentence would be inconsistent with the § 3553(a) factors. Reynoso has served less than one-third of his prison sentence for the repeated sale of lethal drugs, which defendant admits led to the death of at least one individual. The seriousness of the offense and the need for just punishment and respect for the law weigh heavily against his release. § 3553(a)(2).

### ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 83) and his prior pro se motion for compassionate release (Docket No. 82) are **DENIED** without prejudice.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated March 12, 2021